# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| GREGORY C. KAPORDELIS, : | |
| Reg. No. 63122-053, : | DIVERSITY |
| : | 28 U.S.C. § 1332 |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 2:10-CV-69-RWS |
| : | |
| GAINESVILLE SURGERY : | |
| CENTER; L.P.; HEALTHSOUTH, : | |
| INC., : | |
| : | |
| Defendants. : | |

## ORDER AND OPINION

Plaintiff has filed the instant civil action that the Clerk has docketed as a diversity action pursuant to 28 U.S.C. § 1332. For the purpose of dismissal only, leave for Plaintiff to proceed in forma pauperis [Docs. 1, 9] is hereby **GRANTED**, and the matter is now before the Court for a 28 U.S.C. § 1915(e)(2) frivolity screening.

I.   28 U.S.C. § 1915(e)(2) Frivolity Review

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court shall dismiss a case at any time if the court determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is

frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (citations omitted).

II.  Discussion

　　A.　Plaintiff's Claims

Plaintiff, a resident of Florida prior to his incarceration, has sued Gainesville Surgery Center, L.P. ("GSC"), a Georgia corporation, and Healthsouth, Inc. ("Healthsouth"), an Alabama Corporation.[1] Plaintiff alleges that: (1) he is the sole owner of the now-defunct Kapordelis Management Systems ("KMS"); (2) on

---

[1] Plaintiff originally sued another corporation, Capitol Anesthesiology, P.C., which was dismissed at Plaintiff's request. (See Docket Nos. 7, 10).

2

March 20, 1997, Plaintiff entered into a contract with GSC and Healthsouth whereby Plaintiff agreed to provide medical services for GSC.; (2) on April 12, 2004, Plaintiff was arrested in New York upon his return from a trip to Russia, and was charged with violations of 18 U.S.C. § 2423 (sex tourism); (3) on April 14, 2004, GSC faxed a letter to Plaintiff terminating their agreement without notice; and (4) after he was released on bond and returned from New York on April 16, 2004, Plaintiff's medical practice was no longer viable.  Plaintiff contends that GSC and Healthsouth unlawfully breached the contract with him without due cause, and that both Defendants engaged in unfair business practices against him by conspiring to take over his business.  Plaintiff seeks monetary damages.

      B.     <u>Plaintiff's Claims are Barred by the Statute of Limitations.</u>

In a federal court case based upon diversity of citizenship, state law applies to any issue not governed by the Federal Constitution, treaties, or act of Congress. <u>Continental Cas. Co. v. City of Jacksonville, Fla.</u>, 283 F. App'x 686, 688 (11th Cir. 2008) (citing <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)).  This Court must look to Georgia law to determine whether the suit was validly commenced within the statute of limitations.  See <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 752-53 (1980) ; <u>Guaranty Trust Co. of N.Y. v. York</u>, 326 U.S. 99, 110-11 (1945);

3

Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1233 (11th Cir. 1983).

### 1. Unfair Business Practices

Plaintiff's claim regarding Defendants' unfair business practices is based on Plaintiff's allegations that Defendants conspired to, and did, take over KMS, thereby leaving him with a non-viable company and no means of practicing medicine. In Georgia, suits for damages for the conversion or destruction of property are subject to a four-year statute of limitations. Singletary v. General Motors Acceptance Corp., 73 F.2d 453, 454 (5th Cir. 1934).[2] Construing Plaintiff's allegations liberally in light of his pro se status, his cause of action accrued on April 16, 2004, when he returned from New York to find his corporation no longer viable. The instant action, filed over six years later, is untimely. Accordingly, Plaintiff's claim alleging that Defendants engaged in unfair business practices by unlawfully taking over his corporation should be dismissed.

---

[2] This type of action seems most analogous to the allegations Plaintiff raises. Compare, e.g., Dale v. City Plumbing & Heating Supply Co., 146 S.E.2d 349, 351-52 (Ga. Ct. App. 1965) (holding filing of false affidavits as materialman's liens which resulted in corporation's bankruptcy and owner's loss of salary constituted injury to property right with a four-year statute of limitations).

4

### 2. Breach of Contract

Plaintiff also raises a claim against Defendants for breach of contract, which is subject to a six-year statute of limitations under Georgia law. See O.C.G.A. § 9-3-24. According to Plaintiff, Defendants' April 14, 2004, letter terminating their agreement was in breach thereof. As such, Plaintiff's claim accrued on April 14, 2004. See Owen v. Mobley Const. Co., Inc., 320 S.E.2d 255, 256 (Ga. Ct. App. 1984) (holding that an action for breach of contract runs from the date the contract is broken); accord, In re Tri-State Crematory Litig., 215 F.R.D. 660, 681 (N.D. Ga. 2003). Plaintiff's complaint, filed on April 20, 2010, was filed six days past the expiration of the six-year limitation period.

Plaintiff, however, argues that the mailbox rule applies to the instant action. Under the mailbox rule, a prisoner's pleading "is deemed filed on the date it is delivered to prison officials for mailing," which, absent contrary evidence, is the date the prisoner signed the pleading. Fuller v. Terry, No. 09-13359, 2010 WL 2232287 at *1 (11th Cir. June 3, 2010); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). If, as Plaintiff contends, the mailbox rule applies, the instant

5

AO 72A
(Rev.8/82)

action would be deemed to be filed on April 13, 2010, one day before the limitation period expired.

Although the Eleventh Circuit has not addressed whether the mailbox rule would apply to a prisoner's diversity breach of contract action in this Court, in previous diversity actions the Eleventh Circuit has "look[ed] to the Georgia courts' definition of when an action commences." Cambridge Mut. Fire Ins. Co., 720 F.2d at 1233 n.3. Importantly, the Georgia Supreme Court recently held that the mailbox rule only applies in the limited circumstances of a prisoner's habeas appeal, and "does not apply to all pro se prisoner litigants." Roberts v. Cooper, 691 S.E.2d 875, 877 (Ga. 2010). Thus, under Georgia law the mailbox rule does not apply to Plaintiff's diversity breach of contract case, and, therefore, it is untimely. Accordingly, it should be dismissed.[3] See, e.g., Spatgen v. R.J.

---

[3] This finding is consistent with the Supreme Court's statement in Walker that

> [T]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

Walker, 446 U.S. at 753.

6

Reynolds, Inc., No. 4:03-CV-40029, 2003 WL 21516579 at *4 (S.D. Iowa June 25, 2003) (finding in diversity case filed by prisoner that since Iowa law did not provide for mailbox rule, the date the complaint was filed was the date it was file-stamped by the clerk).

III.  Conclusion

In light of the foregoing analysis, Plaintiff's complaint is **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's motion for service [Doc. 5] and motion to correct docket for date of filing [Doc. 6] are **DENIED**.

**IT IS SO ORDERED** this  20th  day of October, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE