IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| GREGORY C. KAPORDELIS, | : | |
| Reg. No. 63122-053, | : | DIVERSITY |
|     Plaintiff, | : | 28 U.S.C. § 1332 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:10-CV-69-RWS |
| GAINESVILLE SURGERY | : | |
| CENTER; L.P.; HEALTHSOUTH, INC., | | |
|     Defendants. | | |

**ORDER AND OPINION**

This matter is before the Court for consideration of Plaintiff's motion to proceed *in forma pauperis* on appeal. (Doc. No. 18). In the Order dismissing this action, the Court found that Plaintiff's claims for breach of contract and unfair business practices – both of which were premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332 – were barred by the statute of limitations. (Doc. No. 11). Plaintiff sought a motion for reconsideration and argued, *inter alia*, that the mailbox rule applied to his claims. As to that issue, this Court found that reconsideration was unwarranted because: (1) Georgia law, rather than federal law, governed whether the mailbox rule applied in his diversity action; and (2)

under Georgia law, the mailbox rule did not apply to his nonhabeas civil filing. (Doc. No. 16 at 4-6).

Plaintiff has appealed [Doc. No. 17] and seeks to proceed *in forma pauperis* on appeal [Doc. No. 18]. In his notice of appeal, Plaintiff contends that Eleventh Circuit law is unclear as to whether federal or state law governs the issue whether the mailbox rule applies in his diversity case. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915 provides:

> (a) (1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

2

>    (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>    (A)   shows ... the party's inability to pay or to give security for fees and costs;
>
>    (B)   claims an entitlement to redress; and
>
>    (C)   states the issues that the party intends to present on appeal.
>
>    . . .
>
>    (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action ... may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good faith. Plaintiff has submitted an affidavit demonstrating an inability to pay. (*See* Doc. No. 18). However, the Court has twice considered the merits of Plaintiff's claims and found them to be frivolous under § 1915. (Doc. Nos. 11, 16).

AO 72A
(Rev.8/82)

As Plaintiff does not meet both requisites of the *in forma pauperis* analysis, his request must be denied. Plaintiff's application to appeal *in forma pauperis* [Doc. 18] is hereby **DENIED** and the Court **CERTIFIES** that any appeal from the Court's Orders of October 20, 2010 [Doc. No. 11] and August 19, 2011 [Doc. No. 16] would be frivolous and not brought in good faith.

Further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED,** this  7th  day of September, 2011.

*(signature)*

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)